ESTATE OF Shana M. LINDSAY, deceased, by Ruth SCHLEICHER, Administratrix ad Litem for Estate of Shana M. Lindsay, Ruth Schleicher, Bannon Lynn Lindsay, by his Guardian ad Litem, Ruth Schleicher, and Adonna Irene Davis, Plaintiffs and Appellants,

v.

**Brad D. MOLLER, Defendant,**

**and**

Donald C. Grantham, d/b/a Donald's Liquor, Lillie I. Norman, and Stuart J. Kozal, d/b/a Jumping Eagle Inn, Defendants and Appellees.

No. 17777.

Supreme Court of South Dakota.

Argued Oct. 6, 1992.

Decided Dec. 9, 1992.

Rehearing Denied Jan. 13, 1993.

Jeremiah J. Davis, Hot Springs, for plaintiffs and appellants.

James R. Wefso, Rapid City, for defendant and appellee Donald Grantham.

Timothy J. Vander Heide, Custer, for defendant and appellee Lillie Norman.

Patrick M. Ginsbach, Hot Springs, for defendant and appellee Stuart Kozal.

Terry L. Pechota of Viken, Viken, Pechota, Leach & Dewell, Rapid City, for amicus curiae, Radical Action Group.

WUEST, Justice.

This intermediate appeal of an order of dismissal by the trial court is before us under SDCL 15–26A–3(6). We reverse the order and remand.

### FACTS

Shana Lindsay was a 17–year–old high school student in Hot Springs. On September 23, 1990, Shana, a girlfriend and Brad Moller drove from Hot Springs to visit Shana's boyfriend in Pine Ridge. They drove to White Clay, Nebraska and Moller purchased a case of beer at the Jumping Eagle Inn. After consuming the beer, they drove to Chadron, Nebraska and Moller bought two twelve-packs of beer at Donald's Liquor; they consumed that beer also. Brad Moller was eighteen at the time; it is illegal to sell liquor to any person under twenty-one years of age in both South Dakota and Nebraska. While returning home to Hot Springs, South Dakota, Shana rolled the pickup and was killed instantly.

Shana's mother brought suit in South Dakota against Brad Moller, the purchaser of the liquor, and the Nebraska liquor dealers. The Nebraska Defendants moved to dismiss the action alleging the Plaintiffs failed to state a claim on which relief could

be granted. They claimed South Dakota did not have personal jurisdiction over them, nor did South Dakota law apply under *lex loci delicti.*

The trial court assumed it had jurisdiction for the sake of argument on the conflict question which it believed was dispositive of the case. The court, although it cited *Owen,* noted South Dakota recognized *lex loci delicti* and dismissed the suit against the liquor dealer Defendants, concluding "South Dakota's liquor dealer liability laws are not applicable to sales in Nebraska." *See Owen v. Owen,* 444 N.W.2d 710 (S.D.1989) *(abrogated by Chambers v. Dakotah Charter, Inc.,* 488 N.W.2d 63 (S.D.1992)).

## ANALYSIS

 This court recently changed the test by which we determine the applicable choice of laws in conflict cases. In *Chambers* we abandoned *lex loci delicti* and adopted the most significant relationship test to determine which states' laws apply in multi-state torts. *Chambers,* 488 N.W.2d at 63. The most significant relationship test, as set forth in the Restatement (Second) of Conflict of Laws § 145 (1971), is now the law in South Dakota. *See Brazones v. Prothe,* 489 N.W.2d 900 (S.D.1992) (applying the most significant relationship test to determine which states' laws apply to decide if tort action is allowed outside of Workers Compensation Act).

*Lex loci* had proven too rigid to apply and was strongly criticized by a majority of this court in *Owen. Owen,* 444 N.W.2d at 710 (applying a public policy exception to the *lex loci* rule). In a special concurrence, Justice Miller criticized the rule stating, "we must abandon the archaic, obsolete, irrational, rigid rule of *lex loci* and adopt an appropriate modern approach to conflicts of laws." *Owen,* 444 N.W.2d at 717–18 (Miller, J. concurring specially). *Owen* signaled the imminent demise of the rule.

Even though the trial court cited *Owen,* it noted "South Dakota recognizes the *lex loci delicti* rule." It then applied *lex loci,* held South Dakota law did not apply to the Nebraska Defendants and granted their motion to dismiss. On appeal, trial counsel conceded at oral argument that *lex loci* is dead. Therefore, the most significant relationship test must be used to determine the conflict of laws question.

 This case is before us appealing an order granting dismissal for failure to state a claim on which relief can be granted so there are no findings of fact from the trial court below. The balancing required by the most significant relationship test cannot be applied without findings of fact. Further, the trial court assumed South Dakota had personal jurisdiction over the Nebraska Defendants only for the purpose of arguing the conflict question.

We reverse the order of dismissal and remand for determination of personal jurisdiction over the Defendants. If jurisdiction is found, the circuit court should apply the most significant relationship test to decide the conflict of laws question.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.